UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ATLAS INDUSTRIAL CONTRACTORS, LLC,

    Plaintiff,     :  Case No. 2:19-cv-2705

 - vs -          Judge Sarah D. Morrison
               Magistrate Judge Chelsey M. Vascura

IN2GRO TECHNOLOGIES, LLC,
              :
    Defendant.

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand Case to State Court (ECF No. 36). For the reasons set forth below, Plaintiff's Motion is **DENIED.**

**I. BACKGROUND**

Plaintiff Atlas Industrial Contractors, LLC initiated this matter on June 13, 2019 with the filing of its Complaint against Defendant In2Gro Technologies, LLC in the Licking County Court of Common Pleas. (ECF No. 2). The Complaint seeks a judgment of $297,295.70 and other relief. (*Id.*).

On June 26, 2019, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, In2Gro timely removed the action to this Court on the grounds of diversity jurisdiction. Atlas is a Delaware limited liability company with its principal place of business in Franklin County, Ohio. (*Id.* ¶ 1). In turn, In2Gro is a Michigan limited liability company that does business, among other places, in Licking County, Ohio. (*Id.* ¶ 2). However, In2Gro's principal place of business is in Michigan and its member, High Tech Holdings, LLC, is also a Michigan limited liability company. (Notice, ¶ 6, ECF No. 1). The member of High Tech Holdings, LLC is Skygazer Capital, LLC, a Michigan limited liability company. (*Id.*). The members of Skygazer Capital, LLC are Joseph

1

Caradonna and Christopher Kouza. (*Id.*). Both Caradonna and Kouza are citizens of Michigan. (*Id.*).

In2Gro subsequently filed an Answer to the Complaint (ECF No. 13), and later asserted an Amended Counterclaim against Atlas and a Third-Party Complaint against Scott Brooks and Perry Moss. (ECF No. 18). On August 5, 2019, Atlas filed a Motion to Dismiss and/or Strike the Amended Counterclaim and Third-Party Complaint. (ECF No. 19). That Motion is currently pending. In addition, Third-Party Defendant Perry Moss has filed a Motion to Dismiss, which is also pending. (ECF No. 35).

Currently before the Court is Atlas's Motion to Remand to State Court, which it filed on October 4, 2019. (ECF No. 36). In2Gro filed a Response in Opposition to the Motion (ECF No. 40), and Atlas filed a Reply (ECF No. 41). The matter is now ripe for review.

## II. ANALYSIS

"The party seeking to litigate in federal court bears the burden of establishing the existence of federal subject matter jurisdiction." *Mitchell v. Lemmie*, 231 F. Supp. 2d 693, 697 (S.D. Ohio 2002) (citing *McNutt v. General Motors Acceptance Corp. of Indiana,* 298 U.S. 178, 189 (1936)). In this case, it is In2Gro that bears this burden because it is In2Gro who sought the federal forum by filings its Notice of Removal.

In its Motion to Remand, Atlas does not argue that there is not federal subject matter jurisdiction. Rather, Atlas claims that remand in appropriate for three reasons: (1) there is an applicable forum selection clause that requires suit be brought in the county in which the Property is located, (2) there is a separate state court action involving its mechanic's lien pending in state court, and (3) issues of state law predominate. (ECF No. 36).

In2Gro argues in response that, among other things, Atlas's Motion to Remand is untimely.

The timeliness of a motion for remand is governed by 28 U.S.C. § 1447(c), which provides, in relevant part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Here, Atlas moved for remand on October 4, 2019, more than three months after In2Gro removed this action from state court. Thus, the only basis on which Atlas can challenge removal is lack of subject matter jurisdiction. However, as noted, Atlas does not argue that this Court is without subject matter jurisdiction over the pending action. In fact, the Court finds that it does have diversity jurisdiction in this case: the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the suit is between citizens of different states. Accordingly, Atlas's Motion is **DENIED** as untimely.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand Case to State Court is **DENIED**. (ECF No. 36)

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE