# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ATLAS INDUSTRIAL CONTRACTORS, LLC,

        Plaintiff,

- vs -

IN2GRO TECHNOLOGIES, LLC,

        Defendant.

:

Case No. 2:19-cv-2705

Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

:

## OPINION AND ORDER

This matter is before the Court on both Plaintiff's Motion to Dismiss and/or Strike Defendant's Amended Counterclaim and Third-Party Complaint (ECF No. 19) and the Motion to Dismiss and/or Strike of Third-Party Defendant Perry Moss (ECF No. 35). Both Motions have been fully briefed and are now ripe for decision. Also before the Court is Defendant's Motion for Leave to File Brief Sur-Reply (ECF No. 25). Plaintiff did not file a response to this Motion.

## I.  BACKGROUND

Plaintiff Atlas Industrial Contractors, LLC initiated this matter on June 13, 2019 with the filing of its Complaint against Defendant In2Gro Technologies, LLC in the Licking County Court of Common Pleas. (ECF No. 2). The Complaint alleges claims for breach of contract, violation of the Prompt Pay Act, and unjust enrichment, and it seeks a declaratory judgment. (*Id.*).

In2Gro timely removed the action to this Court on the grounds of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. (ECF No. 1). It subsequently filed an Answer to the Complaint on July 8, 2019 (ECF No. 13); on August 1, 2019, it asserted an Amended

1

Counterclaim against Atlas and a Third-Party Complaint against Scott Brooks[1] and Perry Moss. (ECF No. 18).

Now before the Court are Atlas's Motion to Dismiss and/or Strike the Amended Counterclaim and Third-Party Complaint (ECF No. 19) and Third-Party Defendant Perry Moss's Motion to Dismiss and/or Strike. (ECF No. 35).

## II. ANALYSIS

### A. Motion for Leave to File Sur-Reply

On August 15, 2019, In2Gro filed a Motion for Leave to File Brief Sur-Reply in Further Opposition to Atlas Industrial Contractors, LLC's Motion to Dismiss or Strike. (ECF No. 25). While the Motion noted that Atlas objected, Atlas did not file a written response setting forth its reasons for objection. In2Gro's Motion is **GRANTED**.

### B. Motions to Dismiss

Atlas and Third-Party Defendant Moss seek dismissal of the Amended Counterclaim and Third-Party Complaint on the grounds that In2Gro's filing was untimely under Rules 14(a) and 15 of the Federal Rules of Civil Procedure. In response, In2Gro argues that Rule 15 permits a party to amend a pleading once as a matter of right within 21 days of receiving an answer to that pleading.

Fed. R. Civ. P. 14(a) governs third-party practice and provides, in pertinent part, as follows:

> (1) *Timing of the Summons and Complaint.* A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

---

[1] On January 2, 2020, Mr. Brooks was dismissed from this action with prejudice. (ECF No. 50).

* * *

(4) *Motion to Strike, Sever, or Try Separately.* Any party may move to strike the third-party claim, to sever it, or to try it separately.

Fed. R. Civ. P. 15 provides:

(1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Here, In2Gro filed and served its initial Answer and Counterclaim on July 8, 2019. (ECF No. 13). Atlas filed and served its Reply to the Answer and Counterclaim on July 16, 2019. (ECF No. 16). Finally, In2Gro filed and served its Amended Counterclaim and Third-Party Complaint on August 1, 2019. (ECF No. 18). Thus, the Amended Counterclaim and Third-Party Complaint was filed 16 days after service of the responsive pleading to the Counterclaim; the Amended Counterclaim was timely under Rule 15 of the Federal Rules of Civil Procedure.

However, Rule 15 does not apply to a newly asserted third-party complaint. Rule 14 applies in such instance, and it provides that a third-party plaintiff must file its third-party complaint within 14 days after serving its original answer unless it seeks leave of court to file it later. Here, In2Gro did not file its Third-Party Complaint until 24 days after it served its original answer. Accordingly, the Third-Party Complaint was untimely.

Moreover, even if In2Gro had timely filed its Third-Party Complaint, the pleading does not comply with the Federal Rules of Civil Procedure on additional grounds. Specifically, a

third-party complaint is proper "only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defending party. . . . If the claim is separate or independent from the main action, impleader will be denied." Wright & Miller, 6 Fed. Prac. & Proc. Civ. 3d § 1446 (2019); *see also Amer. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008) (recognizing that impleader under Rule 14(a) is available only against persons who are or may be liable to defendant for part or all of plaintiff's original claim; "Rule 14(a) does not allow a third-party complaint to be founded on a defendant's independent cause of action against a third-party defendant, even though arising out of the same occurrence underlying plaintiff's claim").

In the present case, In2Gro does not allege that Mr. Moss or Mr. Brooks are or may be liable to it for all or part of Atlas's claims. Rather, as argued in its Memorandum, In2Gro brings its Third-Party Complaint to add "two joint tortfeasors and a claim for conspiracy covering the same facts and claims for which Atlas already answered." (7, ECF No. 23). In2Gro's third-party claims do not seek to hold the third-party defendants responsible for any liability that it might incur as a result of Atlas's claims.

Consequently, Rule 14(a) does not authorize In2Gro to file the Third-Party Complaint. Accordingly, the Court hereby dismisses the Third-Party Complaint as being unauthorized by Rule 14 of the Federal Rules of Civil Procedure, without prejudice to refiling as a separate action.

### III. CONCLUSION

For the reasons set forth above, Defendant's Motion for Leave to File Brief Sur-Reply is **GRANTED**. (ECF No. 25).

Plaintiff's Motion to Dismiss and/or Strike Defendant's Amended Counterclaim and

Third-Party Complaint and Third-Party Defendant Perry Moss's Motion to Dismiss and/or Strike Defendant's Amended Counterclaim and Third-Party Complaint are **GRANTED IN PART** and **DENIED IN PART**. (ECF Nos. 19, 35). To the extent that the Motions seek dismissal or striking of the Amended Counterclaim, such Motions are **DENIED**. To the extent that the Motions seek dismissal or striking of the Third-Party Complaint, such Motions are **GRANTED**. The Third-Party Complaint is hereby **STRICKEN** from the docket**.** The Clerk is **DIRECTED** to **TERMINATE** Third-Party Defendant Perry Moss from this action.

      **IT IS SO ORDERED.**

                                                  /s/ Sarah D. Morrison
                                                  SARAH D. MORRISON
                                                  UNITED STATES DISTRICT JUDGE