# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**ATLAS INDUSTRIAL
CONTRACTORS LLC,**

      **Plaintiff,**

    **v.**

**IN2GRO TECHNOLOGIES LLC,**

      **Defendant.**

                                        **Civil Action 2:19-cv-2705
Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

This matter is before the Court on Defendant/Counterclaim Plaintiff In2Gro Technologies LLC's ("I2G") Motion to Compel Plugout LLC's Compliance with Subpoena for Production of Documents (ECF No. 64). For the following reasons, I2G's Motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.      BACKGROUND

Plaintiff, Atlas Industrial Contractors LLC ("Atlas"), commenced this action against I2G in the Court of Common Pleas for Licking County, Ohio, on June 13, 2019. (ECF No. 2.) After I2G timely removed the action to this Court, I2G filed an Answer and Counterclaim on July 8, 2019 (ECF No. 13). On August 1, 2019, I2G filed an Amended Counterclaim against Atlas and a Third-Party Complaint against Perry Moss. (ECF No. 18.)[1] The Amended Counterclaim and Third-Party Complaint alleged, *inter alia*, that Moss (a former employee of I2G who then went

---

[1] The Third-Party Complaint also asserted claims against Scott Brooks, but he was voluntarily dismissed on January 2, 2020. (ECF Nos. 49–50.)

to work for non-party Plugout, LLC ("Plugout"), an I2G subcontractor and competitor), conspired with Atlas to interfere with contracts and business expectancies between I2G and Amazon Web Services ("Amazon" or "AWS").  I2G asserted counterclaims and third-party claims as follows: tortious interference with business expectancy against Atlas and Moss, tortious interference with contract against Atlas and Moss, civil conspiracy against Atlas and Moss, and breach of contract against Atlas.  (*Id.*)

On motions by Atlas and Moss, the Court struck the third-party claims against Moss because they were procedurally improper under Federal Rule of Civil Procedure 14(a), but declined to strike or dismiss the Amended Counterclaim.  (ECF No. 56.)  The Court also denied I2G's subsequent motion for leave to file a counterclaim against Moss.  (ECF No. 63.)  As a result, the only claims remaining in this action are Atlas's original claims against I2G for breach of contract, violation of the Prompt Pay Act, unjust enrichment, and declaratory judgment, and I2G's counterclaims against Atlas for tortious interference and civil conspiracy.  (ECF Nos. 2, 18.)

On February 12, 2020, I2G issued a subpoena to Plugout, requesting production of the following documents:

1. All correspondence between Plugout and Atlas regarding AWS or the Amazon Property.

2. All contracts, including subcontracts, between Plugout and Atlas regarding AWS or the Amazon Property.

3. All correspondence between Plugout and Atlas regarding AWS or the Amazon Property.

4. All correspondence between Plugout and AWS regarding I2G.

5. All correspondence between Plugout and Atlas regarding I2G.[2]

(Subpoena, ECF No. 64-1.)  Plugout served objections to the subpoena on I2G and declined to

produce any documents.  (ECF Nos. 64-2, 64-4.)  I2G then filed the present motion to compel

Plugout's compliance with the subpoena.  (ECF No. 64.)  Plugout's response in opposition sets

forth three grounds for its objections to the subpoena: (a) the subpoena is procedurally defective

because it seeks to compel production of documents more than 100 miles away from where

Plugout regularly transacts business in person; (b) the requested documents are available from,

and have already been produced by, Atlas; and (c) the requested documents are outside the scope

of allowable discovery because they relate to I2G's third-party claims and counterclaims against

Perry Moss, which the Court struck and denied leave to be filed, respectively.  (ECF No. 66.)

Atlas also filed a response in opposition on grounds that all of the requested documents had

already been produced by Atlas.  (ECF No. 65.)

## II.    STANDARD OF REVIEW

Rule 45 of the Federal Rules of Civil Procedure governs third-party subpoenas.  Fed. R.

Civ. P. 45.  Rule 45 permits parties in legal proceedings to command a non-party to attend a

deposition, produce documents, and/or permit inspection of premises.  Fed. R. Civ. P. 45(a)(1).

The Rule provides that the person commanded to produce documents may serve an objection on

the party or attorney designated in the subpoena within the earlier of fourteen days after the

subpoena is served or the time specified for compliance.  Fed. R. Civ. P. 45(d)(2)(B).  If the

commanded person objects, as Plugout does here, "the serving party may move the court for the

district where compliance is required for an order compelling production."  Fed. R. Civ. P.

45(d)(2)(B)(i).

_____

[2] The subpoena also included a sixth request, but I2G acknowledges that request is "moot based
on the denial for leave to file a second amended counterclaim."  (Mot. 2, ECF No. 64.)

Rule 45 further provides that "the court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter . . . or subjects a person to undue burden." *Taylor v. Universal Auto Grp. I, Inc.*, No. 14-MC-50, 2015 WL 1810316, at *4 (S.D. Ohio April 17, 2015) (citing Fed. R. Civ. P. 45(d)(3)(A)(iii),(iv)). "In determining whether a subpoena imposes an undue burden, a court considers 'such factors as relevance, the need of the [requesting] party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Kacmarik v. Mitchell*, No. 1:15CV2062, 2017 WL 131582, at *4 (N.D. Ohio Jan. 13, 2017) (quoting *Hogan v. Cleveland Ave. Rest., Inc.*, No. 2:15-cv-2883, 2016 WL 7467968 at *2 (S.D. Ohio Dec. 28, 2016) (citing *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999)). Ultimately, "[c]ourts must balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of that person as a non-party is a factor." *In re: Modern Plastics Corp.*, No. 17-2256, 2018 WL 1959536, at *4 (6th Cir. Apr. 26, 2018) (citations and quotations omitted).

### III.  ANALYSIS

The undersigned will consider each of Plugout's objections in turn.

**A.  The subpoena is not procedurally defective.**

Plugout states that the subpoena was served at Plugout's primary place of business in Englewood, New Jersey, yet purports to require compliance at I2G's counsel's office in Royal Oak, Michigan. Therefore, Plugout contends, I2G's subpoena requires it to produce documents more than "100 miles [from] where [it] resides, is employed, or regularly transacts business in person" in violation of Federal Rule of Civil Procedure 45(c)(2)(A).

The undersigned disagrees. I2G makes clear in its reply that it will accept service of responsive documents electronically, such that no personal appearance is required. *See*

4

*Kacmarik v. Mitchell*, No. 1:15CV2062, 2017 WL 131582, at *5 (N.D. Ohio Jan. 13, 2017)

(place of production was "effectively moot" in light of requesting party's stipulation that

subpoenaed documents may be produced electronically or by U.S. mail); *United States v. Brown*,

223 F. Supp. 3d 697, 703 (N.D. Ohio 2016) ("[C]ourts generally find that the [100 mile limit]

rule does not apply where documents can be mailed and do not require personal appearance.").

Thus, the subpoena does not require compliance more than 100 miles from where Plugout

regularly transacts business in person.[3]

## B.     I2G has not shown that Atlas's production of the same documents was inadequate.

Plugout argues that the documents requested by the subpoena are available from, and

have already been produced by, Atlas and that non-party Plugout should not be compelled to

produce the same documents. The undersigned finds this argument well-taken to the extent

Atlas has produced the requested documents or has them in its possession.

A party issuing a subpoena "must take reasonable steps to avoid imposing undue burden

or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). "[T]he status of a

person as a non-party is a factor that weighs against" compelling compliance with a subpoena.

*In re CareSource Mgmt. Grp. Co.*, 289 F.R.D. 251, 253 (S.D. Ohio 2013) (quoting *Am. Elec.

Power Co. v. United States,* 191 F.R.D. 132, 136 (S.D. Ohio 1999)). As part of the undue burden

analysis, courts within this Circuit have generally not required production by a non-party when

the same documents are available from a party. *See Musarra v. Digital Dish, Inc.*, No. CIVA

---

[3] Neither the parties nor Plugout raise the related issue of the proper forum for this motion
seeking compliance with a subpoena. Federal Rule of Civil Procedure 45(d)(2)(B)(i) states that
such a motion should be filed with "the court for the district where compliance is required."
Because Plugout's compliance would occur in New Jersey, Rule 45 directs that I2G should have
filed its motion with the United States District Court for the District of New Jersey. However, as
this issue was not raised in any of the briefing, the undersigned proceeds to consider I2G's
motion. *See Lucas v. Telemarketer Calling From (407) 476-5670 & Other Tel. Numbers*, No.
1:12-CV-630, 2014 WL 12656102, at *2 (S.D. Ohio May 22, 2014).

2:05-CV-545, 2008 WL 4758699, at *4 (S.D. Ohio Oct. 30, 2008); *Hale v. Bunce*, No. 1:16-CV-02967, 2017 WL 10978857, at *1–2 (N.D. Ohio Dec. 15, 2017); *Stokes v. Xerox Corp.*, No. 05cv71683, 2006 WL 6686584, at *3 (E.D. Mich. Oct. 5, 2006). Therefore, to the extent Atlas has already produced the requested documents (or the documents are in its possession, custody, or control), the undersigned finds that Plugout is not required to comply with the subpoena.

The undersigned is not persuaded by I2G's argument that it is not required to trust the completeness of Atlas's production and is entitled to verify that completeness by virtue of the existence of rules allowing for non-party discovery. I2G has not identified any facts indicating that Atlas's production is incomplete or explained why it would need to compare Atlas's production with Plugout's. *See Musarra*, 2008 WL 4758699, at *4 (declining to enforce subpoena against non-party where plaintiffs had "not explained why a comparison of documents in the possession of defendant with those in the possession of [the non-party] will assist plaintiffs in the prosecution of their claims.").

Further, I2G's citation to *Vaughan v. City of Shaker Heights*, No. 1:10 CV 609, 2013 WL 4758028, at *5 (N.D. Ohio Sept. 4, 2013), is unavailing. In that case, the allegation that the defendant police detective had not disclosed all the exculpatory information he was obligated to disclose in a related criminal proceeding was central to the plaintiff's claims. Accordingly, the underlying claims themselves made it necessary to verify the defendant's document production by serving a subpoena on the non-party county prosecutor's office. *Id.* No analogous circumstances are present here.

However, one of the categories of requested documents is not in Atlas's possession. Request No. 4 seeks "[a]ll correspondence between Plugout and AWS regarding I2G." Neither

6

Atlas nor Plugout explain how these documents could be obtained from Atlas. Accordingly, the undersigned will consider Plugout's remaining objection with respect to this category only.

**C.  The requested documents are relevant to I2G's remaining counterclaims against Atlas.**

Plugout argues that, regardless of whether the documents are available from Atlas, the requested documents are not relevant and need not be produced because they relate to the dismissed claims against Perry Moss.

Determining the scope of discovery is within the Court's discretion. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). As the United States Court of Appeals for the Sixth Circuit has recognized, "[t]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Federal Rule of Civil Procedure 26(b)(1), which sets forth the permissible scope of discovery, provides as follows:

> **Scope in General**. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"[T]he proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Guinn v. Mount Carmel Health Sys.*, No. 2:09-cv-226, 2010 WL 2927254, at *5 (S.D. Ohio July 23, 2010) (Kemp, J.) (quoting *Clumm v. Manes*, No. 2:08–cv–567, 2010 WL 2161890 (S.D. Ohio May 27, 2010) (King, J.)); *see also Berryman v. Supervalu Holdings, Inc.*, No. 3:05-cv-169, 2008 WL 4934007, at *9 (S.D. Ohio Nov. 18, 2008)

("At least when the relevance of a discovery request has been challenged the burden is on the requester to show the relevance of the requested information.") (internal citation omitted)).

Here, although all claims against Perry Moss have been dismissed, I2G still maintains counterclaims against Atlas that relate to Moss's employment with Plugout. Namely, I2G alleges that, while employed by Plugout, Atlas conspired with Moss to interfere with I2G's business relationship with Amazon. Although Moss is not a party to this action, his communications (and those of other Plugout employees) with Amazon remain relevant to I2G's counterclaims for tortious interference and civil conspiracy against Atlas. Therefore, Plugout must produce documents responsive to Request No. 4.

## IV.    DISPOSITION

For the foregoing reasons, I2G's Motion to Compel Plugout LLC's Compliance with Subpoena for Production of Documents (ECF No. 64) is **GRANTED IN PART** and **DENIED IN PART**. Plugout is **ORDERED** to produce documents responsive to Request No. 4 in I2G's subpoena (ECF No. 64-1). Plugout need not produce any other documents requested in the subpoena.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE