UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ATLAS INDUSTRIAL CONTRACTORS, L.L.C.,

      Plaintiff,

  v.

IN2GRO TECHNOLOGIES, LLC,

      Defendant.

Civil Action 2:19-cv-2705
Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion to File Documents Under Seal ("Motion," ECF No. 89.) In their Motion, Plaintiff proposes to file under seal, in connection with its Memorandum in Opposition to Defendant's Motion for Summary Judgment (ECF No. 90), documents designated as "Confidential" under the Order Governing Discovery of Confidential and Protected Information ("Protective Order") in effect in this case. (Motion, ECF No. 89, citing Protective Order, ECF No. 45.) For the following reasons, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

There is a strong presumption in favor of public access to judicial records. *Stanley v. Turner Oil & Gas Properties, Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017). The Sixth Circuit recently affirmed that documents filed with the Court may be placed under seal "[o]nly for the most compelling reasons." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "A movant's obligation to provide <u>compelling</u> reasons

justifying the seal exists even if the parties themselves <u>agree</u> the filings should be sealed." *White v. Wilberforce Univ.*, No. 1:16-CV-1165, 2017 WL 3537233, at *2 (S.D. Ohio Aug. 17, 2017) (emphasis in original) (citing *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016)).  The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).  These reasons and legal citations must be sufficient for a district court to "set forth specific findings and conclusions which justify nondisclosure to the public." *Rudd Equip. Co., Inc.*, 834 F.3d at 594.

      Here, Plaintiff's Motion fails to meet the high standard set forth by the Sixth Circuit. Plaintiff fails to set forth compelling reasons justifying the sealing of documents, asserting only that the documents in question have been designated as "Confidential" under the Protective Order (ECF No. 45).  The parties' agreement to maintain confidentiality, standing alone, does not constitute a compelling reason for filing under seal.  *See Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983) (holding that a "confidentiality agreement between the parties does not bind the court in any way"); *White*, 2017 WL 3537233, at *2 (finding the parties' joint motion to file under seal woefully inadequate where they merely asserted that they decided to keep the terms of their settlement confidential); *In re Black Diamond Mining Co., LLC*, No. 15-96, 2016 WL 4433356, at *3 (E.D. Ky. Aug. 18, 2016) (explaining that the existence of a confidentiality agreement, alone, is not a compelling reason to seal a record).  Thus, even where documents are designated "Confidential," the moving party must provide compelling reasons justifying the sealing of those documents.

For the above-stated reasons, Plaintiff's Motion (ECF No. 89) is **DENIED WITHOUT PREJUDICE**.  If any party desires that Plaintiff file the exhibit referred to in Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment (ECF No. 90) under seal to protect information designated "Confidential" under the Protective Order (ECF No. 45), the proponent of the seal must file a properly supported motion that demonstrates good cause for filing under seal.  The parties are cautioned that any forthcoming motions regarding filing documents under seal should be narrowly tailored, as the sealing of documents must be no broader than necessary.  *See Shane Group, Inc.*, 825 F.3d at 305.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE